# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN MANDE,

        Petitioner,

        v.

                                       Case No.  06-C-69

PHIL KINGSTON,

        Respondent.

## DECISION AND ORDER

On January 17, 2006, the Court received the petition ("the petition") of Allen Mande ("Mande"), filed pursuant to 28 U.S.C. § 2254.  In his petition, Mande states that he was convicted as a repeat offender, in 2000 in Winnebago County Circuit Court, of battery, disorderly conduct and bail jumping and is currently serving a sentence of nine years at Waupun Correctional Institution. (Pet. 1.)  In his petition, Mande challenges the decision of a prison disciplinary committee finding him guilty of possessing intoxicants while housed at the Oshkosh Correctional Institution.  (*Id.*)  Mande claims that this decision was rendered in violation of his constitutional right to due process and has resulted in the loss of 190 days of good time credit.  (*Id.*)  Mande's petition comes before this Court for Rule 4 preliminary review.  The Court also considers Mande's request to proceed on his petition *in forma pauperis* (IFP).

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action;

and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obliged to give Mande's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court has reviewed Mande's petition and affidavit and finds that he is indigent for purposes of assuming the costs associated with filing his action. Proceeding to the second prong of the IFP analysis, the Court cannot say that Mande's petition is malicious or frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The petition contains claims which, if meritorious, may afford him relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, the relief sought in Mande's petition–expunging of a conduct report and restoration of good time credits–renders moot any question of the respondent's immunity from monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, the Court finds that Mande qualifies for IFP status.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Sec. 2254 Cases in the United States District Courts, Rule 4. The Court notes some overlap between Rule 4 review and the inquiry of 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2)(B)(ii), codifying one element of the Court's IFP analysis, inquires whether an action fails to state a claim on which relief may be granted. This inquiry, in turn, is similar to the standard codified in Fed. R. Civ. P.

12(b)(6). The Seventh Circuit itself has noted similarities between the standards in Fed. R. Civ. P. 12(b)(6) and Rule 4 preliminary review (*see Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996)), though other courts seem to have applied a more stringent analysis under Rule 4 than Fed. R. Civ. P. 12(b)(6). *Id*.

Mande may properly bring a habeas petition to recover lost good-time credits. *See Montgomery v. Anderson*, 262 F.3d 641 (7th Cir. 2001). Though Mande's petition substantively comes within the purview of the habeas statute, the Court must still verify that Mande has exhausted those remedies available to him before coming to this Court. *See* 28 U.S.C. § 2254(b)(1). Based on Mande's petition, the Court is satisfied that he exhausted all avenues of relief open to him, both at the administrative level and in the Wisconsin state courts.

Substantively, Mande's petition is informed by two grounds. First, Mande claims that the conduct report that issued against him failed to supply basic information about the charges against him and, as a result, he was denied any meaningful opportunity to defend himself. Second, Mande states that insufficient evidence supported the disciplinary committee's ruling. This second ground contains three sub-arguments: (1) the committee "relied on confidential informants without a record that the informants' statements were under oath"; (2) the committee "relied on confidential informants without providing any indication of their reliability"; and (3) the committee "found petitioner guilty not based on evidence of his guilt but rather in retaliation for not being an informant himself." (Pet. 3.)

Both grounds raised in Mande's petition may provide him with relief. "Where a loss of good time credits is possible, the Supreme Court has held that the inmate must receive:

'(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quoting *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 454 (1985)).

Failure to provide written notice may constitute grounds for habeas relief because due process requires that a prisoner be afforded written notice of charges against him. *See Hill*, 472 U.S. at 455-56; *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Regarding Mande's second ground, he may be entitled to relief if the committee's decision was supported by insufficient evidence. To comport with due process requirements, a committee's findings must be supported by "some evidence." *Hill*, 472 U.S. at 454; *McPherson*, 188 F.3d at 786. Mande, in support of his second ground, also claims that the board based its decision, in part, on confidential informants' testimony without probing their reliability. Prison disciplinary boards may receive confidential information, but must be able to test the individual's credibility and provide an indication of the reliability of the informant's testimony. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995).

Without a more complete record before it, and based on the contents of Mande's petition, the Court cannot conclude that "it plainly appears . . . that the petitioner is not entitled to relief . . . ." Thus, Mande's petition passes muster under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Mande's Request for Leave to Proceed in Forma Pauperis (Docket No. 2) is **GRANTED**.

The Respondent is directed to serve and file an answer, motion or other response to the petition for a writ of habeas corpus no later than May 15, 2006.

Mande is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the Respondent or its attorney. Mande should also retain a personal copy of each document. If he does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Respondent or its attorney.

Dated at Milwaukee, Wisconsin this 6th day of April, 2006.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**